UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRESTON E. RICHARDSON,

    Plaintiff,

v.

NANCY DAUTH, *et al.*,

    Defendants.

Case No. C06-5727 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: February 22, 2008**

Presently before the court is the motion to dismiss of Defendants Nancy Dauth, Donald Duncan, Richard Foulkes, Kerri McTarsney, and Robert Monger. (Dkt. # 28). Defendants claim that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6), as Plaintiff has failed to exhaust his administrative remedies, has failed to state a claim upon which relief can be granted, and because Defendants are entitled to qualified immunity. (*Id.*). Plaintiff has filed no response. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the motion has merit.

For the reasons stated below, the court recommends that the motion to dismiss be granted and

REPORT AND RECOMMENDATION - 1

Plaintiff's Complaint (Dkt. # 5) be dismissed without prejudice as to all Defendants for failure to exhaust administrative remedies except as to Defendant Dauth and that Plaintiff be granted leave to amend his Complaint to set forth his allegations as to Defendant Dauth.

## I. FACTUAL BACKGROUND

### A. Procedural Background and Plaintiff's Allegations

On January 29, 2007, Plaintiff, an inmate at the Washington State Reformatory (WSR) in Monroe, Washington,[1] filed his civil rights Complaint under 42 U.S.C. § 1983 alleging violations of his First and Fourteenth Amendment rights, the Religious Land Use and Institutionalized Persons Act (RLUIPA) and Article 1 §11 of the Washington State Constitution. (Dkt. 5).

Plaintiff provides a lengthy description of Defendants' conduct occurring October 2005 through the end of 2006. (Dkt. # 5, pp. 3-8). Plaintiff alleges that Defendants denied him the right to converse in the Bible due to his homosexuality; falsely accused him of having sex in the chapel in retaliation; defamed and mocked his homosexuality by making false claims against him; denied him the right to practice and study his religion; and retaliated against him for using the grievance system. (Dkt. # 5, pp. 9-10).

### B. Grievance Process

The Washington Offender Grievance Program (OGP) has been in existence since the early 1980s. (Dkt. # 28, Exh. 1, Declaration of Devon Schrum ¶ 2).[2] It was implemented shortly

---

[1] At the time the complaint was filed Plaintiff was housed at the Washington State Penitentiary (WSP) in Walla Walla, Washington

[2] Defendants attach this declaration under Fed. R Civ. P. 12(b)(6) as a public record, stating that a court may properly look beyond the complaint to matters of public record. *Gemtel Corp. v. Community Redevelopment Agency*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994) (*quoting Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). The Court also notes that, when considering whether to dismiss a complaint for lack of exhaustion of administrative remedies, a court may properly look outside the pleadings to determine whether the issue has been exhausted.

REPORT AND RECOMMENDATION - 2

thereafter statewide. *Id*. The grievance system is well known to inmates. *Id*. ¶ 6. Currently, over 20,000 grievances are filed per year system wide. *Id*.

Under the OGP, inmates may file grievances on a wide range of issues relating to their incarceration challenging: 1) DOC institution policies, rules and procedures; 2) the application of such policies, rules and procedures; 3) the lack of policies, rules or procedures that directly affect the living conditions of the offender; 4) the actions of staff and volunteers; 5) the actions of other offenders; 6) retaliation by staff for filing grievances; and 7) physical plant conditions. *Id*. ¶ 3.

Each DOC offender is aware of the grievance program. *Id*. at ¶ 6. DOC's grievance program has a multi-tiered approach to address offender grievances. *Id*. ¶ 5. If an inmate wishes to grieve the actions of DOC employees, the inmate must file a Level II grievance. *Id*. All appeals and initial grievances received at Level II are investigated and the prison superintendent is the respondent. *Id*. Inmates may appeal all Level II responses to Department headquarters in Tumwater, where they are re-investigated. *Id*. Administrators are the respondents. *Id*.

On May 11, 2006, Plaintiff filed a grievance, number 0610181, alleging that Correctional Officer Dauth harassed, discriminated against and defamed him when she ordered him to move further away from another offender. *Id*. ¶ 9. Kerry McTarsney responded by stating Plaintiff was given a directive by Officer Dauth and that there was no evidence to substantiate Plaintiff's claims. *Id*.

Plaintiff filed Level II and Level III grievances appealing the response he received. *Id*. ¶ 10.

Plaintiff filed only one other grievance claiming discrimination or retaliation due to his

---

*Wyatt v. Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003)

REPORT AND RECOMMENDATION - 3

sexual orientation, however the grievance arose from an occurrence in late January 2007, after the filing of this lawsuit. *Id.* ¶ 11. Plaintiff has filed no other grievances asserting that he was subjected to discrimination or retaliation due to his sexual preference or using the grievances system, nor did he file any grievances asserting he was prevented from practicing his religion, or any other claims asserted in the Complaint. *Id.*[3]

## II. DISCUSSION

A motion to dismiss for failure to exhaust administrative remedies is properly brought as an unenumerated 12(b) motion. *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003) (citations omitted). On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

When considering whether to dismiss a complaint for lack of exhaustion of administrative remedies, a court may look outside the pleadings to determine whether the issue has been exhausted. *Wyatt,* 315 F.3d at 1119-20. When dismissal is based on failure to exhaust administrative remedies, the dismissal should be without prejudice. *Wyatt*, 315 F.3d at 1120.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of

---

[3]Defendants refer to two grievances filed on June 20, 2002 and March 2, 2004 involving complaints of second hand smoke. (Dkt. # 28, pp. 2-3). However, the Court is unable to find reference or evidence of these grievances in Plaintiff's Complaint.

REPORT AND RECOMMENDATION - 4

this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." Id. at 524. Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001).

The Supreme Court recently reaffirmed this in *Woodford v. Ngo*. 126 S.Ct. 2378 (2006). In that case, the Court not only upheld the requirement that the inmates fully exhaust available administrative remedies, but it also held that those attempts needed to be done in a timely manner. *Id*. at 11.

In this case, the record reflects that Plaintiff has not exhausted the available administrative remedies for any of the claims asserted against Defendants Duncan, Foulkes, McTarsney, and Monger, and all but one claim against Defendant Dauth. A grievance directed at a particular individual at a particular institution is proof only as to that *particular incident, individual and institution.* The purpose of the exhaustion requirement is to "reduce the quantity and improve the quality of prisoner suits; . . . [and] afford corrections officials . . . opportunity to address complaints internally. . . . 42 U.S.C. § 1997e(a). It is also to remedy the weakening of an agency's effectiveness by the "frequent and deliberate flouting of administrative processes." *McKart v. United States*, 395 U.S. 185, 195 (1969). Plaintiff must utilize the internal administrative processes available within the particular institutions and may not rely on vague and

REPORT AND RECOMMENDATION - 5

conclusory grievances.

The only matter for which Plaintiff did exhaust his administrative remedies is the allegation that on May 8, 2006, Defendant Dauth harassed and discriminated against Plaintiff by ordering Plaintiff and another offender to move further apart while they were attending a chapel callout. (Dkt. # 5, Attachs 1-3). There is no evidence that Plaintiff brought grievances as to his other allegations of conduct by the other Defendants.

Accordingly, the record reflects that, other than his claim against Defendant Dauth, Plaintiff filed his lawsuit prematurely and has not yet fully exhausted his administrative remedies. Because Plaintiff failed to exhaust his available administrative remedies, his Complaint (Dkt. # 5) should be dismissed without prejudice, other than his claims against Defendant Dauth.

**B.     Plaintiff's Claims of Retaliation, Equal Protection, RLUIPA**

Defendants urge that Plaintiff's Complaint should be dismissed in its entirety, in any event, because he has failed to demonstrate that he has suffered any actual injury, has not identified any retaliatory actions taken by the Defendants, has shown no intentional discrimination or that he was treated differently because he belonged to a protected class or that any action by the Defendants substantially burdened the practice of his religion. (Dkt. # 28, p. 6-12).

Plaintiff provides a lengthy description of events that occurred from October 2005 through the end of 2006. (Dkt. # 5, pp. 3-8). In separate paragraphs, Plaintiff sets forth his allegations against all the Defendants. Plaintiff alleges that Defendants denied him the right to converse in the Bible due to his homosexuality; falsely accused him of having sex in the chapel in retaliation; defamed and mocked his homosexuality by making false claims against him; denied him the right to practice and study his religion; and retaliated against him for using the grievance system. (Dkt. # 5, pp. 9-10). With the Court's recommendation that Plaintiff's claims, except those against

REPORT AND RECOMMENDATION - 6

Defendant Dauth, should be dismissed without prejudice for failure to exhaust, the reading of Plaintiff's Complaint becomes particularly problematic. It is impossible for the Court to determine which factual claims support which causes of action. Plaintiff must set out sufficient factual matter to outline the elements of his cause of action or claims against Defendant Dauth in particular before the Court may make an informed decision of whether he has failed to state a claim upon which relief may be granted.

Accordingly, the undersigned recommends that Plaintiff be given an opportunity to amend his Complaint prior to any dismissal of his claims against Defendant Dauth, alleging, if possible, facts showing how Defendant Dauth personally participated in depriving Plaintiff of a right, privilege or immunity secured by the Constitution or the law, relating to matters set forth in Grievance No. 0610181. *See, e.g., McGuckin*, 974 F.2d at 1055; *Noll*, 809 F.2d at 1449.

### III. DISCUSSION

For the reasons stated above the Court should **GRANT** Defendants' motion to dismiss (Dkt. # 28) and Plaintiff's Complaint (Dkt. # 5) should be **DISMISSED WITHOUT PREJUDICE as to all Defendants except Defendant Dauth and that Plaintiff should be granted leave to amend his Complaint as to Defendant Dauth**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 22, 2008**, as noted in the caption.

REPORT AND RECOMMENDATION - 7

DATED this 31st day of January, 2008.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8